UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                          Case No. 18-16314-LMI

LA CAPITAL DE LA FRUTA I, INC.,

       Debtor.                                             Chapter 7

_____/
DREW M. DILLWORTH AS CHAPTER 7
TRUSTEE,

       Plaintiff,                                          Adv. Pro. No._____
-vs-

SEA LAND DISTRIBUTOR, INC.,

       Defendant.

_____/

## **COMPLAINT**

COMES NOW, DREW M. DILLWORTH as Chapter 7 Trustee (hereinafter "Trustee") in the above-styled matter, and sues the Defendant, SEA LAND DISTRIBUTOR, INC., (hereinafter "Defendant"), and states the following in support hereof:

1.      Debtor, La Capital de la Fruta I, Inc., filed a voluntary petition under Chapter 7 of Title 11 of the United States Code on the 25th day of May 2018.

2.      The Plaintiff, Drew M. Dillworth as Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate of La Capital de la Fruta I, Inc., is the duly-appointed and permanent Chapter 7 Trustee of the Bankruptcy Estate of La Capital de la Fruta I, Inc., in Parent Case No. 18-16314-LMI (the "Bankruptcy Case").

3.        This Court has jurisdiction over this matter, venue is proper in this Court and all parties hereto are *sui juris*.

4.        At all times material, Armando Aguilar ("Principal") was the president and sole owner of the Debtor.

5.        Principal was also operating various other businesses at the same time he operated the Debtor. These businesses were: El Rey Del Sabor Inc. ("El Rey"); Armando Aguilar Inc. ("AAI"); USA American Transport Inc. ("USAT"); and, Fritanga Y Raspaderia Nica II Y Tortilleria Corp. ("Fritanga").

6.        Principal would, from time-to-time, pay his personal debts, acquire personal property, and paying the business debts of El Rey, AAI, USA and Fritanga from Debtor's bank accounts. However, none of these payments or transfers benefited the Debtor.

7.        Debtor was insolvent at all times material, as the Debtor: was not paying its debts as they generally came due at the time of each of the sued-upon Transfers herein; was involved in litigation as a defendant; and, otherwise had liabilities which exceeded the true value of its assets.

8.        Between March and September, 2015, Debtor paid or transferred the sum of $58,403.34 (the "Transfers") from Debtor's account to the Defendant -- as identified on the attached Exhibit "A".

9.        Prior to filing this lawsuit, the Trustee served a demand letter (Exhibit "B") on the Defendant requesting evidence for the basis of the sued upon Transfers herein; and, said Defendant did not respond.

10.      The records[1] of the Debtor do not reflect that the Debtor was ever obligated to Defendant for any form of debt to Defendant.

11.      All of the above referenced Transfers were not for the benefit of the Debtor, and Debtor did not receive reasonably equivalent value in exchange for any of the Transfers.

---

[1] Debtor did not provide records to the Trustee reflecting any basis for the transfers sued upon herein.

## COUNT I – FRAUDULENT TRANSFERS (Fla. Stat. Sec. 726.106(1))

12.        Paragraphs 1 through 11 (and all subparts) are herein re-averred and re-alleged.

13.        The Transfers identified on Exhibit "A" hereto were paid from the Debtor's account and were property of the Debtor, and paid to Defendant.

14.        The above-referenced Transfers were transfers of property of the Debtor, an interest in property of the Debtor, or an obligation incurred by the Debtor, that were made or incurred within four years before the date of the filing of the bankruptcy petition.

15.        The Debtor received less than reasonably equivalent value in exchange for such Transfers.

16.        At the time of each of the Transfers, the Debtor had creditors whose claims arose prior to the Transfers.

17.        Debtor was insolvent at the time of the sued-upon Transfers, or became insolvent at the time of the sued-upon transfers.

18.        The Trustee is entitled to recover the Transfers, or value thereof, plus pre-judgment and post-judgment interest thereon.

WHEREFORE, the Trustee demands (pursuant to 11 U.S.C. Sec.'s 544, 550 and 551; and Fla. Stat. Ch. 726) judgment in his favor awarding him the recovery of the Transfers, plus pre- and post-judgment interest, and such other relief which this Court deems equitable and just.

## COUNT II – FRAUDULENT TRANSFERS (Fla. Stat. Sec. 726.105(1)(b))

19.        Paragraphs 1 through 11 (and all subparts) are herein re-averred and re-alleged.

20.        The Transfers identified on Exhibit "A" hereto were paid from the Debtor's account and were property of the Debtor, and were paid to Defendant.

21.     The above-referenced Transfers were transfers of property of the Debtor, an interest in property of the Debtor, or an obligation incurred by the Debtor, that were made or incurred before the date of the filing of the bankruptcy petition.

22.     Claims of creditors of the Debtor arose prior to and after the Transfers being made by the Debtor to Defendant.

23.     Each of the Transfers were made without the Debtor having received reasonably equivalent value in exchange for said Transfers, and the Debtor:

   a.     was engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction; or

   b.     intended to incur, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay as said debts became due.

24.     Debtor was insolvent at the time of the sued-upon Transfers, or became insolvent at the time of the sued-upon Transfers.

25.     The Trustee is entitled to recover the Transfers, or value thereof, plus pre-judgment and post-judgment interest thereon.

WHEREFORE, the Trustee demands (pursuant to 11 U.S.C. Sec.'s 544, 550 and 551; and Fla. Stat. Ch. 726) judgment in his favor awarding him the recovery of the Transfers, or value thereof, plus pre- and post-judgment interest, and such other relief which this Court deems equitable and just.

## COUNT III—UNJUST ENRICHMENT

### AGAINST DEFENDANT RELATING TO THE TRANSFERS

26.     Paragraphs 1 through 11 (and all subparts) are herein re-averred and re-alleged.

27.     Debtor made the Transfers identified on Exhibit "A" attached hereto in the amount of **$58,403.34** to Defendant.

28.     Debtor conferred a benefit on Defendant by virtue of the Transfers.

29.     Defendant voluntarily accepted and retained the benefit conferred, which were the Transfers.

30.     Debtor received nothing in return from Defendant for the Transfers and otherwise no benefit (directly or indirectly).

31.     The circumstances render Defendant's retention of the Transfers, which was the benefit conferred on Defendant by Debtor, inequitable unless Defendant pays the Trustee the value of the Transfers.

32.     Defendant was unjustly enriched by virtue of the Transfers.

WHEREFORE, the Trustee respectfully requests the Court to enter a Judgment: A) Granting money damages in the amount of the Transfers to Trustee, plus pre- and post-judgment interest, and reasonable attorneys' fees and expenses, to the extent permissible by applicable law, to Trustee; and,

B)  Granting such other and further relief as may be equitable and just.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

Respectfully submitted,

JAMES B. MILLER, P.A.
Trustee's Counsel
19 West Flagler Street, Suite 416
Miami, Florida 33130
Telephone: (305) 374-0200
Facsimile: (305) 374-0250
jbm@title11law.com

By: _____/s/_____
JAMES B. MILLER, ESQ.
Fla. Bar No. 0009164

Exhibit "A"

Sea Land
Distributors

|   | Debit/Ck | Date | Amount | Acct. |
|---|----------|------|--------|-------|
| 1 | 1164 | 9/30/2015 | $10,000.00 | 9471 |
| 2 | 1055 | 8/11/2015 | $10,000.00 | 9471 |
| 3 | 1084 | 6/30/2015 | $15,000.00 | 9471 |
| 4 | 1012 | 3/13/2015 | $23,403.34 | 9471 |
|   |      | total | $58,403.34 |  |

Exhibit "B"

# JAMES B. MILLER
### ATTORNEY AT LAW

19 WEST FLAGLER ST.
SUITE 416
MIAMI, FL 33130

Admitted:
--Florida Bar
--Federal District Courts
(Middle and Southern Districts
of Florida)

Member:
--Bankruptcy Bar, Southern
District of Florida
--Federal Bar Association

TELEPHONE (305) 374-0200

TELECOPIER (305) 374-0250

JAMES B. MILLER
jbm@title11law.com

October 15, 2018

*Via* Mail:
**Sea Land Distributor, Inc.**
Attn: Reinaldo Diaz as Registered Agent
2126 N.W. 21st Street
Miami, FL 33142

Re: *In re: La Capital de la Fruta I, INC.*, Case No. 18-16314-LMI

Dear Mr. Diaz,

On May 25th, 2018 La Capital de la Fruta I, Inc. ("**Debtor**") filed a voluntary bankruptcy petition under Chapter 7 of Title 11 of the United States Code. My client, Drew M. Dillworth, is the duly appointed, permanent Chapter 7 bankruptcy trustee in this Case.

The purpose of this letter is to inquire about certain transfers made by the Debtor to you totaling $58,403.34. Based upon the information available to us, together with our understanding of the nature of the Debtor's financial affairs during the applicable time period, it appears that the transfers identified on the list attached hereto as exhibit "A" are avoidable and recoverable under 11 U.S.C. § 544 and 548, Chapter 726 of the Florida Statutes and/or the theory of unjust enrichment under Florida law.

Notwithstanding the foregoing, we understand that the Debtor's records may not be complete. Therefore, we are interested in receiving any documents that may support any defense you may have in this matter. Please provide any such documents on or before fourteen (14) calendar days from the date of this letter. We are requesting a documented explanation of the transfers referenced on the attached spreadsheet so that we can more fully evaluate the Debtor's

October 15, 2018
Page 2

bankruptcy estate's potential claims and any potential defenses before commencing formal litigation. Your timely response to this letter will therefore be greatly appreciated.

Please contact us should you have any questions or concerns. Thank you.

Regards,

James B. Miller, Esq.

JBM/AS

October 15, 2018
Page 3

# Exhibit "A"

Sea Land
Distributors

|   | Debit/Ck | Date | Amount | Acct. |
|---|----------|------|--------|-------|
| 1 | 1164 | 9/30/2015 | $10,000.00 | 9471 |
| 2 | 1055 | 8/11/2015 | $10,000.00 | 9471 |
| 3 | 1084 | 6/30/2015 | $15,000.00 | 9471 |
| 4 | 1012 | 3/13/2015 | $23,403.34 | 9471 |
|   |      | total | $58,403.34 |       |